CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JAN 0 9 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARILYN ANN SOLOMON, | Civil Action No. 5:08CV00096 |
| Appellant, | **MEMORANDUM OPINION** |
| v. | By: Hon. Glen E. Conrad |
| ESTATE OF MARTHA STERN, | United States District Judge |
| Appellee. | |

This case is presently before the court on an appeal from an order of the United States Bankruptcy Court for the Western District of Virginia. The appellant seeks review of the bankruptcy court's order lifting the automatic stay of a civil action pending in Florida state court. Because the appellant has failed to show an abuse of discretion by the bankruptcy court, the order must be affirmed.

## Background

The appellant, Martha Ann Solomon, is one of several defendants in a civil action currently pending in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County. The Florida action was filed by the appellee, the Estate of Martha Stern ("the Estate"), in December of 2004. In the action, the Estate seeks damages for the alleged improper use of funds belonging to Martha Stern and the Estate.

On May 20, 2008, approximately two weeks before the Florida court was scheduled to hear motions for summary judgment filed by the Estate, Solomon filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia. As a result of the bankruptcy filing, the Florida action was automatically stayed under 11 U.S.C. § 362(a).

On August 1, 2008, the Estate moved for relief from the stay pursuant to 11 U.S.C. § 362(d)(1). The bankruptcy court held a hearing on the motion on August 21, 2008, and by order entered September 3, 2008, the motion was granted. Solomon now appeals to this court.

## Discussion

The decision to lift an automatic stay imposed under § 362 is within the discretion of the bankruptcy court. In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). "[T]his decision may be overturned on appeal only for abuse of discretion." Id.

Under § 362(d)(1), the bankruptcy court may lift the automatic stay "for cause." In deciding whether "cause" has been shown, "[t]he court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Id. The United States Court of Appeals for the Fourth Circuit has identified three factors relevant to this inquiry: "(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditors seek enforcement of any judgment through the bankruptcy court." Id.

Here, these factors weigh heavily in favor of lifting the stay in order to allow the Florida action to proceed. As the bankruptcy court emphasized during the hearing on the Estate's motion and in its subsequent order, the Florida action involves claims under state law. In addition, lifting the stay promotes judicial economy, since the Florida action has been pending for an

2

extended period of time and involves multiple parties, of which only Solomon is subject to the bankruptcy court's jurisdiction. Finally, there is no indication that permitting the Florida action to proceed will prejudice the bankruptcy estate or the interests of any other creditors. The bankruptcy court's order specifically provides that the automatic stay will remain in effect as to the debtor's property and as to the property of the bankruptcy estate.

Based on the foregoing, the court concludes that the bankruptcy court did not abuse its discretion in granting the Estate's motion for relief from the stay. Accordingly, the decision of the bankruptcy court will be affirmed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 9th day of January, 2009.

*[signature]*

United States District Judge